UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL D. MASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:17-cv-00145-WTL-MJD |
| ) | |
| CORIZON INC., ) | |
| ) | |
| Defendant. ) | |

**Entry Granting *In Forma Pauperis* Status,
Denying Appointment of Counsel, Dismissing Complaint,
and Directing Further Proceedings**

Plaintiff Michael D. Mason, an inmate at Wabash Valley Correctional Facility, brings this civil action pursuant to 42 U.S.C. § 1983. The Court makes the following rulings:

### I. *In Forma Pauperis* Status

The motion for leave to proceed *in forma pauperis*, dkt. [3], **is granted**. Plaintiff is assessed an initial partial filing fee of fifty-one dollars and ninety-three cents ($51.93), which plaintiff is directed to pay to the clerk **no later than May 15, 2017**. Notwithstanding this ruling, plaintiff is liable for the entire $350 filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

### II. Motion for Appointment of Counsel

Plaintiff's motion to appoint counsel, dkt. [4], is **denied as premature**. The filing fee has not yet been paid, and defendants have not been served nor have they appeared. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for

1

assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013).

### III. Screening

A.     Legal Standard

District courts have an obligation under 28 U.S.C. § 1915A to screen complaints before service on defendants, and must dismiss complaints that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original).

Petitioner's complaint presents two claims, which will be addressed in turn.

B.     First Claim

Plaintiff's first claim alleges that on November 2, 2016, he passed out "and almost died" and that Nurse Riggs arrived to help him in a tardy manner, unprepared, and failed to call for transportation to an outside hospital, all of which "placed [his] life at risk." Complaint, dkt. 2, p. 2.

Plaintiff does not, however, allege an injury. *Booker-El v. Superintendent*, 668 F.3d 896, 899 (7th Cir. 2012) (holding that to have Article III standing, a plaintiff must demonstrate "(1) an injury-in-fact; (2) fairly traceable to the defendant's action; and (3) capable of being redressed by a favorable decision from the court"). Without an injury traceable to a defendant's actions, there is no liability and thus the allegations fail to state a claim.

Plaintiff's allegations that Nurse Riggs violated Indiana Department of Corrections policies and procedures fail to state a claim upon which relief can be granted. A liberal interpretation of the allegations are that plaintiff contends Nurse Riggs was negligent in her response to his having passed out in the recreation building. This also fails to support section 1983 liability. *Waubanascum v. Shawano County*, 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provide a basis for liability under § 1983); *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) ("State law violations do not form the basis for imposing § 1983 liability.").

Pursuant to 28 U.S.C. § 1915A, plaintiff's **first claim** is therefore **dismissed for failure to state a claim** upon which relief can be granted.

C. Second Claim

Plaintiff's second claim does not contain a time period other than "July." The claim refers to an unnamed nurse, Dr. Byrd, Sgt. Hyatt, an unnamed officer, and Corizon (the only party named in the caption). The essence of the claim is Corizon's alleged deliberate indifference to symptoms that turned out to be abdominal ulcers. However, this is a completely separate incident unrelated to the first.

"Unrelated claims against different defendants belong in different suits. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of defendants into one action is proper only "if

there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." *Fed. R. Civ. P.* 20(a).

The second claim shall proceed in a separate action, if at all. Plaintiff shall have the opportunity to determine whether the misjoined second claim shall be severed into a new action or dismissed without prejudice. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue"). If the misjoined claim is dismissed without prejudice, plaintiff may file a new complaint regarding the dismissed claim. Regardless of how a new action might be opened, whether by severance or dismissal followed by a new complaint, if a new action is opened, plaintiff will be responsible for a filing fee for the new case and the screening requirement of 28 U.S.C. § 1915A(b) will be triggered.

The **second claim is dismissed** from this action due to **improper joinder**.

Plaintiff shall have **through May 15, 2017,** in which to **notify the Court** whether he wishes the Court to sever the second claim into a new action. If the plaintiff fails to so notify the Court, the second claim will be considered abandoned and will be dismissed without prejudice.

### IV. Show Cause Why Action Should Not Be Dismissed

Because the Court has been unable to identify a viable claim for relief against Nurse Riggs in the first claim, the complaint is being dismissed. The Court allows plaintiff through **May 15, 2017**, **to show cause** why the complaint should not be dismissed, or to file **an amended complaint.**

4

If filing an amended complaint, plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify **what legal injury he claims to have suffered and what persons are responsible for each such legal injury**; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is reminded that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In a separate filing, petitioner shall notify the Court how he intends to proceed as to the second claim presented in this action by **May 15, 2017**. As noted above, the failure to ask the Court to sever it into a separate action, or to file it in a new action -- which in either instance will subject the claims to section 1915A screening -- will subject the claim to dismissal without further notice.

### V. Conclusion

In summary, the **first claim** against Nurse Riggs is **dismissed** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A. Plaintiff has **through May 15, 2017, to show cause** why the complaint should not be dismissed or to file an amended complaint. The **second claim is dismissed** for improper joinder. Plaintiff shall **notify the Court by May 15, 2017**, how he elects to proceed with the second claim as detailed above. The motion for leave to proceed *in forma pauperis* status, dkt. [3], **is granted**, with a partial filing fee of $51.93 due by **May 15, 2017**; and the motion for appointment of counsel, dkt. [4], **is denied**. The failure to pay

the partial filing fee, to show cause or file an amended complaint, and to notify the Court how to proceed on the second claim, all by **May 15, 2017**, will subject this action to dismissal without further notice.

      **IT IS SO ORDERED**.

Date: 4/10/17

      Hon. William T. Lawrence, Judge
      United States District Court
      Southern District of Indiana

Distribution:

Michael D. Mason, #136454
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only